UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**OMEGA PATENTS, LLC,**

    Plaintiff,

v.                         Case No: 6:13-cv-1950-Orl-40DCI

**CALAMP CORP.,**

    Defendant.
_____/

# VERDICT FORM

### 1. U.S. Patent No. 6,346,876 B1 ("the '876 patent")

1.A. It has been previously determined that CalAmp's customers infringe claims 1, 3, 4, 5, 14 and 16 of the '876 patent. Has Omega proven by a preponderance of the evidence that CalAmp induced its customers to infringe?

|         | LMU-3000          | LMU-3030          | LMU-3050          | VPOD              | VPOD2             |
|---------|-------------------|-------------------|-------------------|-------------------|-------------------|
| Claim 1 | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     |
| Claim 3 | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     |
| Claim 4 | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     |
| Claim 5 | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     | ☐ Yes<br>☑ No     |

1

|          | LMU-3000      | LMU-3030      | LMU-3050      | VPOD          | VPOD2         |
|----------|---------------|---------------|---------------|---------------|---------------|
| Claim 14 | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 16 | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |

1.B.   If you answered "Yes" to any part of Question 1.A. above, has Omega proven by a preponderance of the evidence that CalAmp's infringement was willful?

_____ Yes           _____ No

## 2. U.S. Patent No. 6,756,885 B1 ("the '885 patent")

2.A.   Has Omega proven by a preponderance of the evidence that CalAmp's customers directly infringe any of the claims of the '885 patent by using any of the following accused products?

|          | LMU-3000      | LMU-3030      | LMU-3050      | VPOD          | VPOD2         |
|----------|---------------|---------------|---------------|---------------|---------------|
| Claim 1  | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 2  | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 3  | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 12 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |

|          | LMU-3000 | LMU-3030 | LMU-3050 | VPOD   | VPOD2  |
|----------|----------|----------|----------|--------|--------|
| Claim 14 | ☑ Yes <br> ☐ No | ☑ Yes <br> ☐ No | ☑ Yes <br> ☐ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No |

2.B.   If your answer to any claim is "Yes," has Omega proven by a preponderance of the evidence that CalAmp induced its customers to infringe?

|          | LMU-3000 | LMU-3030 | LMU-3050 | VPOD   | VPOD2  |
|----------|----------|----------|----------|--------|--------|
| Claim 1  | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No |
| Claim 2  | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No |
| Claim 3  | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No |
| Claim 12 | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No |
| Claim 14 | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No | ☐ Yes <br> ☑ No |

2.C.   If you answered "Yes" to any part of Question 2.B. above, has Omega proven by a preponderance of the evidence that CalAmp's infringement was willful?

_____ Yes           _____ No

3. **U.S. Patent No. 7,671,727 B2 ("the '727 patent")**

3.A. It has previously been determined that CalAmp infringed Claim 1 of the '727 patent. Has Omega proven by a preponderance of the evidence that CalAmp's infringement was willful?

_____ Yes          ✓ No

4. **U.S. Patent No. 8,032,278 B2 ("the '278 patent")**

4.A. Has Omega proven by a preponderance of the evidence that CalAmp infringes any of the following claims of the '278 patent by making, using, selling, offering for sale, or importing into the United States any of the following accused products?

|         | LMU-3000 | LMU-3030 | LMU-3050 | VPOD | VPOD2 |
|---------|----------|----------|----------|------|-------|
| Claim 1 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 2 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 3 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 4 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 5 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 6 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |

|         | LMU-3000 | LMU-3030 | LMU-3050 | VPOD | VPOD2 |
|---------|----------|----------|----------|------|-------|
| Claim 8 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 11 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 12 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | | |
| Claim 13 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 14 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 16 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 18 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 19 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |
| Claim 21 | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☑ Yes<br>☐ No | ☐ Yes<br>☑ No | ☐ Yes<br>☑ No |

4.B.    If you answered "Yes" to any part of Question 4.B. above, has Omega proven by a preponderance of the evidence that CalAmp's infringement was willful?

_____ Yes          ✓ No

5.  **Infringement Damages**

5.A.   What sum of money has Omega proven by a preponderance of the evidence that it is entitled to recover as a reasonable royalty for CalAmp's infringement of the '727 patent, and any infringement by CalAmp of the '278, '885, and '876 patents that you found above? **Please write down both the total damages awarded (in dollars) you find is adequate to compensate Omega for any infringement of the asserted patents you have found by CalAmp, and the number of CalAmp's accused products that you have included in your damages calculation in the spaces provided below.**

Total damages awarded: $ __4,586,111__

Number of accused products included in damages award: __917,223__

5.B.   Of the total number of accused products found to infringe and therefore included in the damage award (see question 5.A. above), how many accused products have been found to infringe each patent (for any patents found not infringed, please leave that line blank):

'876 patent: __Ø__

'885 patent: __Ø__

'727 patent: __1 unit__

'278 patent: __917,222 unit__

5.C. Please identify the per product royalty that would apply to each patent you found to infringe:

i. '876 patent $ ∅

ii. '885 patent $ ∅

iii. '727 patent $ 1.00

iv. '278 patent $ 5.00

After answering Question 5, sign and date this Verdict Form.

SO SAY WE ALL THIS 30 DAY OF September, 2019.

_____
JURY FOREPERSON